Grateful TRAN, Petitioner—Appellant,

v.

George M. GALAZA, Warden, Respondent—Appellee.

No. 04–15140.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Nov. 16, 2004.

Deanna F. Lamb, Sonora, CA, for Petitioner–Appellant.

Jeremy Friedlander, Ryan McCarroll, Office of the California, Attorney General, San Francisco, CA, for Respondent–Appellee.

850

[black redaction bar]

Before: REINHARDT, THOMPSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioner Grateful Tran, convicted of first-degree murder for a drive-by shooting, appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Because AEDPA's deferential standard controls our decision, we affirm.

■ First, Tran argues that he was deprived of his due process "right to a fair opportunity to defend against the State's accusations," *Chambers v. Mississippi,* 410 U.S. 284, 194, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and "a meaningful opportunity to present a complete defense," *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). He challenges the trial judge's exclusion of circumstantial evidence that he believes would have suggested that the victim directed racial epithets at him, and was motivated by racial animus in attacking Tran's cousin and possibly Tran himself. Tran believes that the excluded evidence was crucial to his provocation defense. Because there was no direct evidence in the record suggesting that Tran or his cousin actually heard any racial epithets from the victim, or that any such epithets were uttered in connection with the confrontation, we are unable to say that the trial court's ruling that the excluded circumstantial evidence was more prejudicial than probative was unreasonable or violated petitioner's constitutional rights. More important, we cannot conclude that the California Supreme Court, in summarily denying Tran's state habeas petition, was objectively unreasonable in its application of clearly established Federal law.

■ Second, Tran contends that the trial judge violated his due process rights by failing to instruct the jury on the meaning of "malice" as used in Penal Code § 12034(c), pertaining to the felony discharge of a firearm from a vehicle. The prosecution relied on this section in connection with its second degree felony-murder charge—a charge that was separate and distinct from the remaining first and second degree murder charges on which Tran was tried. The state court instructed the jury only on the meaning of "malice" as that term is used in the statute which applied to the latter charges, specifically Penal Code § 189. Because the jury convicted Tran of first degree murder as proscribed by Penal Code § 189 and not second degree felony-murder under Penal Code § 12034(a), the instructional error, if any, did not "infect[ ] the entire trial [such] that the resulting conviction violate[d] due process." *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Furthermore, even if the omitted "malice" instruction had been required in connection with the first degree murder charge on which Tran was convicted, the California Supreme Court's summary denial of his petition was not objectively unreasonable because the trial error could reasonably have been deemed harmless. Under the omitted "malice" instruction, malice would have been substantially easier for the prosecution to prove than under the malice instruction that was given.

Third, Tran asserts that the trial judge's instructions on manslaughter created a presumption that manslaughter is a "reduction" from murder, which lightened the state's burden of proof by creating an im-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

permissible inference that homicide is murder while manslaughter is the exception. We do not review challenged jury instructions in "artificial isolation;" rather, we consider the instructions in the context of the overall charge, *see Boyde v. California*, 494 U.S. 370, 378, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). Viewing the challenged instruction in that light, we hold that the State Supreme Court would not have been objectively unreasonable in holding that there was no "reasonable likelihood that the jury had applied the challenged instruction in a way that violate[d] the constitution." *Estelle*, 502 U.S. at 72 (internal quotation marks omitted). Furthermore, we note that any ambiguity in the challenged instruction was cured by the accompanying instructions from the trial judge and the explanations of counsel.

█ Lastly, Tran asserts that his constitutional right to a fair and unbiased jury was violated. Specifically, he contends that prejudicial extrinsic information was introduced into jury deliberations when a member of the jury, who was known to be an attorney, stated that the "heat of passion" defense did not apply to drive-by shootings. We recognize that the threshold question on this issue is a factual one. Because the AEDPA standard ordinarily requires this court to accept the factual findings of the state court habeas review, we defer to the state court's factual findings. The last state court to address this issue found that while the juror in question may have expressed his opinion regarding the applicability of the heat of passion defense to the facts, he did not say that the defense was legally inapplicable to drive-by shootings. Deferring to the state court's factual determination, we must affirm its conclusion that no misconduct occurred in the first instance. Moreover, even if improper extrinsic evidence regarding the legal applicability of the heat of passion defense to drive-by shootings was introduced before the jury, we do not be-

lieve that, considering the totality of the circumstances, this comment prejudicially affected the deliberative process so as to constitute reversible error.

For the reasons set forth above, the decision of the district court is **AFFIRMED**.